UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CINCINNATI INSURANCE COMPANY;
and CHARLES A. GAETANO
CONSTRUCTION COMPANY,

            Plaintiffs,

    -against-                         6:14-CV-0148 (LEK/TWD)

EXCELSIOR INSURANCE COMPANY,
*et al.*,

            Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

Plaintiffs Cincinnati Insurance Company ("Cincinnati") and Charles A. Gaetano Construction Company ("Gaetano") (collectively, "Plaintiffs") commenced this insurance liability coverage action against Defendants Excelsior Insurance Company ("Excelsior") and Peerless Insurance Company ("Peerless") (together, the "Insurer Defendants"); Boscar Electric Co., Inc. ("Boscar"); American Alloy Steel, Inc. ("American Alloy"); and Joshua P. Shannon and Shannon L. Shannon (together, the "Shannons") in New York Supreme Court, County of Oneida. Dkt. No. 1-1 ("Complaint"). The Insurer Defendants removed this action to the Northern District. Dkt. No. 1 ("Notice of Removal"). Presently before the Court are Motions to remand by Plaintiffs and American Alloy. Dkt. Nos. 11 ("Plaintiffs' Motion"); 18 ("AA Motion").[1] For the following reasons, this action is remanded.

---

[1] The AA Motion is brief and adopts and incorporates Plaintiffs' Motion and accompanying Exhibits as if fully restated therein. See AA Mot. ¶ 7. Therefore, in the analysis that follows, the Court will address only the arguments set forth in Plaintiffs' Motion.

## II. BACKGROUND[2]

American Alloy entered into a contract with Gaetano (the "Work Agreement") to perform work at American Alloy's premises. Pls.' Mem. at 2. Gaetano then entered into a sub-contract with Boscar (the "Sub-Contract Agreement"), which required Boscar to indemnify and hold harmless Gaetano and American Alloy for any bodily injury claims arising from the underlying work. Id. The Sub-Contract Agreement also required Boscar to obtain liability insurance coverage naming Gaetano and American Alloy as insureds. Id. Boscar secured such policies from the Insurer Defendants. Id.

Mr. Shannon performed work for Boscar and alleges that he sustained injuries while working on American Alloy's premises. Id. The Shannons brought an action against American Alloy in New York State Supreme Court, Oneida County, for Mr. Shannon's personal injuries. Id. American Alloy tendered its defense to Cincinnati, Gaetano's insurer, pursuant to the Work Agreement. Id. at 3. American Alloy also brought a third-party complaint against Gaetano and Boscar in Supreme Court seeking a defense and indemnification. See id.

Plaintiffs then commenced this action seeking declarations that the Insurer Defendants are required to defend and indemnify Gaetano and American Alloy in their respective state actions. Id. The Insurer Defendants removed this case and did not seek consent from Boscar, American Alloy, or the Shannons on the grounds that they were nominal defendants, and their consent was therefore not required. Not. Removal at 10-11. Plaintiffs subsequently filed the Motion to remand, arguing that the Court lacks subject matter jurisdiction due to a lack of diversity among the parties. See Pls.'

---

[2] The relevant facts in this section are not in dispute. See generally Dkt. Nos. 11-8 ("Plaintiffs' Memorandum"); 20-5 ("Defendants' Memorandum").

2

Mem. at 4. It is undisputed that both Gaetano and Boscar are citizens of New York. See id. at 2; Defs.' Mem. at 5.

**III.    LEGAL STANDARD**

   **A. Removal**

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). The Second Circuit has clearly explained that "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). At all times, the party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (citing Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000)).

   **B. Diversity Jurisdiction**

Here, the only asserted basis for subject-matter jurisdiction is diversity jurisdiction. See Not. Removal ¶ 5. Diversity jurisdiction requires "complete" diversity among the parties—that is, no adverse parties may be citizens of the same state. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2000) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)); St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."

3

(citing Owen Equipment, 437 U.S. at 373-74)). For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it is incorporated, as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005).[3]

## IV. DISCUSSION

Plaintiffs argue that this action should be remanded because: (1) both Gaetano and Boscar are New York citizens, and therefore diversity jurisdiction is lacking; (2) the Insurer Defendants have failed to demonstrate a reasonable probability that the amount in controversy exceeds $75,000; and (3) removal was procedurally defective due to the Insurer Defendants' failure to obtain consent from American Alloy and Boscar. See Pls.' Mem. at 4. The Insurer Defendants argue that removal was proper because Boscar and American Alloy are nominal defendants and were fraudulently joined; thus, Boscar's citizenship is irrelevant to the diversity jurisdiction analysis, and neither party's consent was required for removal. See Defs.' Mem. at 1-2.[4]

### A. Whether Boscar is a Nominal Defendant

"A party is deemed nominal if, based on the substantive law of the state where the federal court sits, no cause of action could be stated against him." Zerafa v. Montefiore Hosp. Hous. Co., Inc., 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005). Courts have also found a party to be nominal

---

[3] Diversity jurisdiction also requires that there be more than $75,000 in controversy. 28 U.S.C. § 1332(a). A removing defendant need show only "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." United Food & Comm'l Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (citation omitted). The burden of meeting the amount-in-controversy requirement is "hardly onerous . . . for we recognize a rebuttable presumption that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003).

[4] Plaintiffs concede that the Shannons are nominal defendants in this action. Pls.' Mem. at 6.

where it has "no real . . . or direct interest in the controversy." Nannuzzi v. King, 660 F. Supp. 1445, 1449 (S.D.N.Y. 1987) (quoting Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, 521 F. Supp. 1046, 1047 (S.D.N.Y. 1981), aff'd, 710 F.2d 87 (2d Cir. 1983)) (internal quotation marks omitted). The burden of proving that a defendant is nominal falls on the party claiming nominal status. In re Vill. of Kiryas Joel, N.Y., No. 11 CIV. 8494, 2012 WL 1059395, at *4 (S.D.N.Y. Mar. 29, 2012) (citing Zerafa, 403 F. Supp. 2d at 325). On this issue, as with all statutory requirements for removal, any doubts must be resolved against removability and in favor of remand. Saxe, Bacon & Bolan, P.C., 521 F. Supp. at 1048.

The Insurer Defendants argue that Boscar is a nominal party because "[t]here is no possibility, based upon [P]laintiffs' Complaint in this action, that they can state a cause of action against Boscar in State Court. Plaintiffs do not assert any claims nor do they seek any relief against Boscar." Defs.' Mem. at 5. As an initial matter, the Court notes that whether Plaintiffs have presently asserted a claim against Boscar is not determinative. See Vill. of Kiryas Joel, 2012 WL 1059395, at *5 ("[T]he fact that a claim has not been asserted against a defendant is not sufficient to make that party nominal for purposes of excusing their failure to join the petition for removal. The question is whether a cause of action has been *or could have been* stated against the [defendant] under New York law." (citing Zerafa, 403 F. Supp. 2d at 325) (emphasis in original); see also Heller v. N.Y. City Health & Hosp. Corp., 2010 WL 481336, at *3 (S.D.N.Y. Feb. 1, 2010) ("A failure to adequately plead a claim against a particular defendant does not, alone, make him a nominal party."). Therefore, the Court need only address whether Plaintiffs could have brought a claim against Boscar in state court.

5

However, the Insurer Defendants fail to support their claim that Plaintiffs could not assert a state cause of action against Boscar. Instead, they argue that Boscar is nominal because "Boscar, as a Named Insured under Excelsior's policy, is not a *necessary or indispensable* party to this action." Defs.' Mem. at 6 (emphasis added). The Insurer Defendants cite several cases where insurance companies disputed their respective liabilities for a mutually insured, and the courts found that the mutually insured was not a necessary or indispensable party to the litigation. Id. at 6-7; see also Home Ins. Co., Inc v. Liberty Mut. Ins. Co., 678 F. Supp. 1066, 1068-69 (S.D.N.Y. 1988); Wyoming Cnty., N.Y. v. Ins. Co. of N. Am., 518 F.2d 23, 24-25 (2d Cir. 1975); N. Am. Hotels, Ltd. v. Home Indem. Co., 112 F.R.D. 25, 27 (E.D. Pa. 1986). However, as stated *supra*, the relevant question is not whether Boscar is a *necessary* or *indispensable* party, but merely whether Plaintiffs *could* have stated a cause of action against Boscar in state court. See Lifschultz v. Lifschultz, No. 12-CV-1881, 2012 WL 2359888, at *6 (S.D.N.Y. June 20, 2012). Thus, the Insurer Defendants' argument and reliance on these cases is misplaced.

The Insurer Defendants next argue that Boscar is a nominal party because "Boscar will not be affected by the relief sought by [P]laintiffs in this lawsuit. [Boscar] will have insurance coverage regardless of whether [P]laintiffs succeed or not on their claims. Plaintiffs do not seek to affect Boscar's rights in this lawsuit in any manner." Defs.' Mem. at 11. Again, the Insurer Defendants misconstrue the appropriate standard by erroneously focusing on whether a cause of action is currently alleged against Boscar. Moreover, whether Boscar—a defendant in this action—will have insurance coverage or if its rights will be affected is irrelevant. See Zerafa, 403 F. Supp. 2d at 325.

To the extent the Insurer Defendants argue that Boscar has no real interest in this case because it will not be liable regardless of the outcome, that argument also fails. As Plaintiffs point

6

out, Boscar owes Gaetano a duty of indemnification under the Sub-Contract Agreement, and Cincinnati is a third-party beneficiary of the Sub-Contract Agreement. Pls.' Mem. at 8. Thus, Plaintiffs could seek relief for breach of contract and indemnification from Boscar in state court. "[D]istrict courts in this circuit and others have consistently held that 'the mere fact that a defendant is indemnified by another defendant does not transform the indemnified defendant into a nominal party.'" Mieschberger v. Dana Corp., No. 11-CV-0776, 2011 WL 4916926, at *2 (E.D.N.Y. Oct. 11, 2011) (quoting Patrick v. Porter-Cable Corp., No. 10-CV-0131, 2010 WL 2574121, at *5 (D. Conn. Apr. 1, 2010)). The Insurer Defendants have therefore failed to carry their burden in establishing that Boscar is a nominal party.

**B. Fraudulent Joinder**

To establish fraudulent joinder, "[d]efendants must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the nondiverse defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). "The question of whether a party is nominal appears to be governed by essentially the same legal standard as whether a party is fraudulently joined." Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 389 (S.D.N.Y. 2006). Thus, for the reasons stated *supra* finding Boscar not nominal, the Court concludes that the Insurer Defendants have also failed to establish that Boscar was fraudulently joined.

Accordingly, because Boscar is neither a nominal party nor fraudulently joined, its citizenship is considered for purposes of determining subject matter jurisdiction. See 28 U.S.C. § 1332. As it is undisputed that both Gaetano and Boscar are citizens of New York, diversity

7

jurisdiction is lacking, and this action must be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[5]

### C. Costs and Attorney's Fees

The Court has discretion under 28 U.S.C. § 1447(c) to award Plaintiffs costs and expenses, including reasonable attorney's fees, incurred as a result of the removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141 (citation omitted).

Although the Insurer Defendants have failed to meet their burden in establishing subject matter jurisdiction, the Court finds that the Insurer Defendants' removal was not objectively unreasonable and there are no unusual circumstances that otherwise warrant an award of attorney's fees and costs. See, e.g., Houston v. Scheno, No. 06-CV-290, 2007 WL 2230093, at *4 (E.D.N.Y. July 31, 2007). Accordingly, that part of Plaintiffs' Motion seeking fees and costs is denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs Charles A. Gaetano Construction Corporation and Cincinnati Insurance Company's Motion (Dkt. No. 11) to remand is **GRANTED** to the extent it seeks remand

---

[5] Because the Court finds that Boscar's citizenship destroys diversity among all adverse parties, the Court need not reach the parties' remaining arguments regarding the amount in controversy and whether American Alloy is a nominal party. See Defs.' Mem. at 12-15; Pls.' Mem. at 10-14.

of this action, and **DENIED** to the extent it seeks an award of costs and attorney's fees; and it is further

**ORDERED**, that Defendant American Steel Alloy, Inc.'s Motion (Dkt. No. 18) to remand is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court remand this action to New York Supreme Court, County of Oneida; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 06, 2015
Albany, NY

Lawrence E. Kahn
U.S. District Judge